[No. 20808. In Bank. — August 31, 1891.]

## THE PEOPLE, RESPONDENT, v. H. N. ELLIOTT, APPELLANT.

CRIMINAL LAW — EVIDENCE — CONFESSION. — A defendant charged with crime cannot be convicted upon his confessions alone.

ID. — FORGERY OF CHECK — FIRM NAME — EVIDENCE. — On a trial for the forgery of a check purporting to be signed by a firm name, it is necessary to prove that there was such a firm in existence and that the check was not signed by it, or that the firm did not exist and that the check was fictitious.

ID. — NON-EXISTENCE OF FIRM — FICTITIOUS CHECK — PLEADING — EVIDENCE — PENAL CODE. — If there is no such firm in existence as that the name of which is signed to the check, then the check is a fictitious one, and the prosecution should be had under section 476 of the Penal Code, with allegations and proof that the check was fictitious, and that the defendant knew that fact, and not under section 470 of that code.

ID. — MISTAKE IN NAME OF FIRM. — A person charged with forging a check signed by a firm name cannot be convicted under section 470 of the Penal Code, if there is no firm of that name, although he may have signed such firm name by mistake, intending to designate a firm of different name, believing the name signed to be the correct name, but he is guilty in such case of making and passing a fictitious check, and should be prosecuted under section 476 of the Penal Code.

ID. — CRIMINAL INTENT. — The law does not recognize a man's criminal intention as a crime, and he can only be prosecuted for an offense actually committed, and not for an offense he may have intended to commit.

ID. — MISLEADING INSTRUCTIONS. — Where different instructions given, when taken together, must have tended to confuse and cloud the minds of the jury, it is ground for reversal of a judgment convicting a defendant of crime.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*M. W. Conklin*, for Appellant.

*Attorney-General Hart*, for Respondent.

GAROUTTE, J. — The defendant was convicted of the crime of forgery, and appeals to this court from the judgment and order denying his motion for a new trial.

He was charged by the information with forging a certain check signed " A. E. Rice & Co."

The evidence in the case was as follows:—

1. At the time the defendant procured money upon the check he stated that "Red Rice," who was engaged in the furniture business at the city of Los Angeles, gave him the check as the result of a transaction in furniture.

2. "Red Rice" testified that his name was Edwin A. Rice; that at the time of the alleged forgery he had a partner, and the name of the firm was Rice & McKee; and that he did not sign the check or authorize it to be signed.

3. The confessions of the defendant that he forged the check.

It is elementary law that the defendant cannot be convicted upon his confessions alone, and in this case there is no evidence whatever as to the non-existence of such a firm as " A. E. Rice & Co.," and *non constat* but there was such a firm and the check was genuine. If we assume that there was such a firm in existence, then the judgment must be reversed, and a new trial ordered, by reason of the insufficiency of the evidence in not showing that the check was not signed by such firm. If we assume that there was no such firm in existence, then the check was a fictitious check, and the prosecution should have been had under section 476 of the Penal Code, and the case must be reversed upon that ground. From the facts set forth in the information, it is apparent that it was filed and conviction had under section 470 of the Penal Code, which section is quite broad in its scope, but not sufficiently broad to include the matters contained in section 476; for that section contemplates that the information must contain allegations, and the evidence be produced to substantiate them, that the check was fictitious, and the defendant knew that

fact. (*William* v. *State*, 9 Humph. 80; *People* v. *Dowd*, 4 Pac. C. L. J. 459.)

The court gave the jury the following instruction: "If you find from the evidence, beyond a reasonable doubt, that at the time and place alleged, with the intent alleged, defendant did feloniously make, utter, and pass as genuine the check in question; that he intended to sign thereto the name of the firm of Rice & McKee, and by mistake signed the name of 'A. E. Rice & Co.,' believing that to be the correct name, and uttered the same as the genuine check of said firm; and that said Southern California National Bank is a corporation as alleged; and that said check is false and unauthorized, — then you should find the defendant guilty, notwithstanding the mistake in the name of said firm."

Without going into a technical analysis of this instruction as to whether or not it fully answers the requirements of the law in other respects, let us see if it be true that, in the words of the instruction, the defendant is guilty of forgery, "if, intending to sign the name of the firm of Rice & McKee to the check, by mistake he signed the name of A. E. Rice & Co., believing that to be the correct name."

Where a note, bill, check, etc., is the subject of a forgery, it must be proven that the instrument was not signed by the person by whom it purports to be signed, or that such person did not exist at the time, or in other words, is a fictitious person. In this case, as we have already seen, the proof is lacking in both of these essential respects. Considered in the light of the foregoing instruction of the court, there is no such firm in existence as "A. E. Rice & Co."; therefore the check is fictitious, and the prosecution should have been had under section 476, heretofore cited. The law appears to recognize a distinction between forged instruments purport-

ing to have the signature of a person in existence, and those where the signature is purely and entirely fictitious. Indeed, at common law, at one time, it was not forgery to sign the name of a fictitious person to an instrument. Section 470 of the Penal Code is quite broad in its terms, and in the absence of said section 476, it might probably be construed broad enough to include fictitious instruments as referred to in said section; but the legislative mind having been directed specially to that class of instruments with reference to the offense of forgery, it would seem the act of making or passing a fictitious check could only be prosecuted when brought within the requirements and conditions of that section. Considered in the light of the instruction, the signature is of a copartnership not in existence, which *ipso facto* makes the instrument a fictitious check; and the fact, if it be a fact, that defendant intended to sign the name of an existing firm to the check appears to be entirely immaterial. He is being prosecuted, and necessarily so, for an offense actually committed, and not for an offense he may have intended to commit. The law does not recognize a man's intentions as a crime, however corrupt and criminal those intentions may be. His intentions simply form the light by which we read and weigh his acts. This is in no sense a question of *idem sonans;* but the defendant appears to have been prosecuted upon the theory that the signature of the existing firm, " Rice & McKee," for the purposes of this case, was attached to the check. Especially is this apparent when we consider the following instruction: "In order to constitute the crime of forgery, the resemblance of the forged signature to the genuine must be such as might deceive a person of ordinary caution." While we are not called upon to review this instruction, it being given at the request of the defendant, yet in the face of the fact that the signature to this check is fictitious, as the

court assumed in the other instruction which we have considered, and that there was no such firm in existence as A. E. Rice & Co., and therefore no such genuine signature in existence, to say the least, the two instructions, when taken together, must have tended to confuse and cloud the minds of the jury.

For the foregoing reasons, the judgment and order are reversed, and the cause remanded for a new trial.

PATERSON, J., HARRISON, J., McFARLAND, J., DE HAVEN, J., and SHARPSTEIN, J., concurred.