## JESSE ATWOOD V. J. J. ATWATER.

[FILED APRIL 7, 1892.]

1. **Criminal Law**: FINDINGS: NECESSARY TO SUPPORT JUDGMENT. While in a civil action the failure of the court to find the facts upon which the judgment is predicated is ground of error, but does not render the judgment void, yet in a criminal prosecution, where the accused has pleaded "not guilty," there must be a finding or verdict of guilty to sustain a sentence.

2. ——: ——: FORM. Such finding, when made by a magistrate, need not necessarily be formal, but must in some way show cause for the sentence.

3. **Habeas Corpus**: ERROR PROCEEDINGS. Error will lie on the part of the state to reverse an order discharging a prisoner after conviction.

ERROR to the district court for Saline county. Tried below before MORRIS, J.

*Abbott & Abbott*, for plaintiff in error:

There must first be proof of *corpus delicti*, and second, proof connecting the defendant therewith. (*In re Balcom*, 12 Neb., 317; *In re Carleton*, 11 Id., 99; *Ex parte Parker*, Id., 309.) The police judge, therefore, had no power to commit to jail. (Horr & Bemis on Municipal Police Ordinances, p. 4, sec. 3.) Plaintiff in error is entitled to relief by *habeas corpus*. (*Ex parte Maule*, 19 Neb., 273.)

*George H. Hastings, Attorney General*, contra:

Every fact necessary to sustain a judgment of the court will, on review, be presumed to have been proven, unless the contrary is plainly shown. (*Shelton v. Dunn*, 6 Kan., 128; *Hefferlin v. Stuckslager*, Id., 166.) Error lies to review *habeas corpus* proceedings. (*Ex parte Fisher*, 6 Neb., 311; *In re Balcom*, 12 Id., 317; *Ex parte Johnson*, 15 Id., 512; *Ex parte Maule*, 19 Id., 273; *Ex parte Van*

Atwood v. Atwater.

*Hagan,* 25 O. St., 426; *Ex parte Shaw,* 7 Id., 81; *Ex parte Goldsmith,* 24 Kan., 757; *Dogge v. State,* 21 Neb., 277; *Holmes v. Jennison,* 14 Pet. [U. S.], 540.)

MAXWELL, CH. J.

On the 29th day of July, 1889, Jesse Atwood, a citizen of Crete, was charged by J. J. Atwater, marshal of said city, before W. T. Buchanan, police judge, with violating city ordinance by keeping and harboring a bitch dog without having first obtained license therefor. Atwood was arrested on a warrant issued on said complaint and was condemned to pay a fine of $2 and costs, in default of which said police judge issued a mittimus ordering his imprisonment in the city jail of said city, there to remain until discharged in due course of law, on which Atwood was actually confined in the city jail. He applied to the county court for a writ of *habeas corpus,* obtained the same, and on the hearing was discharged. The state prosecuted error to the district court, where, on argument, the action of the county court was found to be erroneous and reversed. From that action of the district court Atwood prosecutes error to this. The record of the police judge is as follows:

"In Police Court.

"THE STATE OF NEBRASKA, Plaintiff,  
      *v.*  
JESSE ATWOOD, Defendant.

"Complaint for keeping and harboring one bitch dog within the city of Crete without first obtaining a license therefor, as provided by the ordinance of said city of Crete.

"On the 29th day of July, 1889, J. J. Atwater filed his complaint in writing, under oath, charging Jesse Atwood with keeping and harboring a bitch dog within the city of Crete without first obtaining a license. Warrant issued for the arrest of the said Jesse Atwood and the

same was delivered to J. J. Atwater, city marshal. On
the 30th day of July, 1889, warrant returned, indorsed as
follows, to-wit:

"'Received this warrant on the 30th day of July, 1889.
I have arrested the within named Jesse Atwood and have
his body now before the court this 30th day of July, 1889.

"'(Signed)          J. J. ATWATER, *Marshal.*'"

"The complaint was then read to the said defendant and
he pleaded' not guilty as charged in the complaint. The
following proceedings were then had, to-wit: It is therefore
considered and adjudged by me that the defendant pay a
fine of $2, the minimum fine fixed by the ordinance of the
city of Crete for such offenses and refusal. The defendant
is also required to pay the costs of this case, taxed at $4.30,
and committed until the fine and costs are paid. The de-
fendant refusing to pay fine or costs, I therefore issued a
mittimus committing him to the jailer of the city of Crete,
and delivered the same to J. J. Atwater, city marshal."

Does the record show sufficient to authorize the police
court to render judgment? The language is "he plead not
guilty as charged in the complaint. The following pro-
ceedings were then had, to-wit: It is therefore considered
and adjudged  *  *  *  that the defendant pay a fine,"
etc. There can be no mistake about this. After the plea
of not guilty, the court, without taking testimony or find-
ing him guilty, proceeded to impose a fine with a condition
that if it was not paid, he should be imprisoned. In
a civil action where a jury is waived, the failure of the
court to make a finding is ground of error but does not
render the judgment void. (*Connelly v. Edgerton,* 22 Neb.,
83; *Doty v. Sumner,* 12 Id., 378.)

In *Stansell v. Corning,* 21 Mich., 242, it was held that
such a judgment could not be sustained. The case is com-
pared to that of a judgment in an action where there was a
jury trial but no verdict. There is much force in the de-
cision of the Michigan court, and were the question an

original one in this court, it might perhaps be followed; but if a charge is made it should be by the legislature.

In criminal cases, however, we have been unable to find a single case where the judgment was sustained without a verdict or finding. A party charged with an offense pleads not guilty. To establish his guilt evidence must be introduced and the fact of guilt determined from that. Otherwise it would be in the power of an arbitrary, overbearing magistrate to condemn a prisoner unheard. It is the duty of such magistrate to hear all the evidence offered by either party and then find that the charge if sustained by the proof shows his guilt. This need not necessarily be in formal language, because all matters of mere form in inferior courts are construed very liberally, but it must appear by the language used that the magistrate considers the charge sustained. It may be said that this is true if it is sought to review the case on error, but does not render the judgment void. In our view, however, a judgment in a criminal case without a verdict or finding is absolutely void.

There is a material difference in the issue between a civil action and a prosecution for an offense. In the one case the judgment sought is merely to recover certain money or property. The judgment construed with the pleadings will ordinarily show the exact situation of the parties. In a criminal prosecution, however, the guilt or innocence of the accused is in issue, and the verdict or judgment must show *prima facie* that the charge is found to be true to authorize the court to impose punishment. This is a power liable to abuse, and should be carefully guarded. There must be a finding or verdict in a criminal case to authorize the magistrate or court to impose punishment, and a judgment rendered without such finding or verdict is void. Error lies on the part of the state to reverse an order discharging a prisoner who has been convicted. (*Ex parte James Collier*, 6 O. St., 55; *Ex parte Wames*, Neb.

Supreme Court, not reported; *Holmes v. Jennison,* 14 Pet. [U. S], 540; Maxw., Pl. & Pr. [5th Ed.], 759.) The action of the county judge and the district court is, therefore, reviewable. The judgment of the district court is reversed and the prisoner discharged.

JUDGMENT ACCORDINGLY.

THE other judges concur.