[Crim. No. 203. Fourth Appellate District.—June 23, 1930.]

In the Matter of the Application of WILEY L. WATSON for a Writ of Habeas Corpus.

Utley & Nuffer and A. L. Hubbell for Petitioner.

Elmer W. Heald, District Attorney, and Edward B. Patterson, Deputy District Attorney, for Respondent.

AMES, J., *pro tem.*—It appears from the record in this case that petitioner was charged with the criminal offense

designated in the docket of the Justice of the Peace of Calexico Township, Imperial County, before whom he was tried, as "theft of labor." He entered a plea of not guilty and the case was tried before the court without the intervention of a jury, and the following entry is the only record in the justice's docket of the proceedings at the trial.

"Mar. 1. Case comes to trial all parties present Testimony taken and all parties put on their evidence. Before sentence is passed Attorneys for Defendants make a motion for new trial on the grounds of all stated in Section 1451 of the Penal Code. Notice of appeal given, after sentence of $100.00 fine or 30 days in County Jail is imposed on both of the defendants. 5 day stay of execution granted."

No other or different judgment was entered in the justice's docket, unless a statement made by the justice upon his denial of petitioner's motion for a new trial on the first day of March, 1930, and which was incorporated in a statement on appeal to the superior court could be construed as a judgment. The record is as follows:

"The Court: And I will deny the motion. Mr. Patterson: Do you waive time for sentence. Mr. Nuffer: Yes. Mr. Hubbell: Yes. The Court: Each defendant pay a fine of $100 or serve thirty days in the county jail. Mr. Hubbell: Yes."

From this purported judgment of the justice's court petitioner here appealed to the Superior Court of Imperial County, and after a motion for a new trial had been argued in that court, and denied, the case was remitted to the justice's court for further proceedings. The certified copy of the justice's docket which is incorporated in the record before us discloses the following entry, which was presumably made by the justice on May 28, 1930, as the same appears in the docket:

"The *remittitur,* copy of opinion & certified copy of Court Order of May 24, and May 26, in the appeal taken to the Superior Court in this case, this day received and filed. Judgment of this, the trial court affirmed. Ordered: Commitment issue. Commitment issued."

The commitment, by virtue of which the sheriff of Imperial County holds the petitioner in custody, after reciting the filing of the complaint with the justice of the peace,

the issuance of a warrant of arrest, the trial before the court with a jury, and the petitioner having been found guilty as charged in the complaint, contains a purported copy of a judgment of the court, which the justice certified to be correct. It is as follows:

"Therefore, it is by the court adjudged that the said Wiley L. Watson is guilty of the crime of Petty Theft of Labor and it is adjudged that he be imprisoned in the County jail of the County of Imperial for the term of thirty days or pay a fine of One Hundred Dollars. Done in open court this 28th day of May, 1930 W. H. Lorenz Justice of the Peace of said Township."

 Unless the statement contained in the commitment directed to the sheriff of Imperial County is evidence of the rendition of a judgment it is apparent upon the face of the record that there was neither a verdict of guilty nor a finding or judgment of the court adjudicating the only question of fact before the court, viz.: the guilt or innocence of the defendant. We believe that such a determination is a jurisdictional prerequisite to the imposition of a penalty in the sentence of the court. This prerequisite does not appear in the record before us.

While there is no form prescribed in the Penal Code as to what the judgment shall contain (*People* v. *Terrill,* 133 Cal. 120 [65 Pac. 303]; *People* v. *Barnnovich,* 16 Cal. App. 427 [117 Pac. 572]), yet the decisions clearly indicate that certain prerequisites must exist before jurisdiction has been conferred upon the court to impose its sentence. In the *Matter of Ring,* 28 Cal. 247, it is said: "the only material parts of a judgment, as we have seen, are the statement of the offense of which the defendant has been convicted, omitting therefrom all that is contained in previous papers and therefore not necessary to be repeated, and the sentence of the court." In *Ex parte Raye,* 63 Cal. 491, the court says: "The judgment pronounced on the 6th of February was not void. It showed that the defendant had been tried and convicted of an offense known to the law; namely, attempted extortion; and that the sentence passed on him was one which the court had jurisdiction to pronounce." In *In re Robbins,* 27 Cal. App. 677 [151 Pac. 14, 15], a justice of the peace rendered a purported judgment as follows: "I fine him $150.00 or 150 days in jail" without

having previously made a finding as to the guilt or innocence of the defendant. Referring to this purported judgment, the court says:

"Assuming that the judgment as originally attempted to be rendered was expressed in the form and manner as described in the petition, viz.: 'I fine him $150.00 or 150 days in jail,' then it was no judgment at all. The cause having been tried before the justice without a jury, he or his court became the arbiter of the facts, and before a penalty could be imposed, obviously a judgment of guilty would have to be by him reached and announced. The 'judgment' thus imposed or rendered was without the necessary predicate to support it, conceding, for the purpose of this case, that it was sufficient in form."

In *People* v. *Camp,* 42 Cal. App. 411 [183 Pac. 845, 850], the court says:

"The 'judgment' involving the pronouncement of sentence in a criminal case is generally orally rendered and delivered and is usually in informal language, and the law requires it to be no more than that. (Pen. Code, sec. 1202; *People* v. *Terrill,* 133 Cal. 120, 123 [65 Pac. 303].) . . . If the judgment with sufficient clearness shows that it is the pronouncement of sentence by the court upon the verdict as returned and the penalty imposed by such sentence is authorized by the statute under which the prisoner has been convicted, then the judgment satisfies the demand of the statute in that respect."

The same rule is announced in 16 Corpus Juris, 1301, as follows:

"As a general rule, in all criminal cases, except where there is a plea of guilty, or *nolo contendere,* no sentence can be passed without a verdict of a jury as a basis thereof. Where, however, defendant waives his right to a trial by jury, or where a jury is not required, a finding by the court will answer this purpose."

Among the authorities cited in support of the text is the case of *Atwood* v. *Atwater,* 34 Neb. 402 [51 N. W. 1073]. In that case the Supreme Court of Nebraska uses the following language:

"It is the duty of the magistrate to hear all the evidence offered by either party and then find that the charge, if sustained by the proof, shows his guilt. This need not

necessarily be in formal language, because all matters of mere form in inferior courts are construed very liberally; but it must appear by the language used that the magistrate considers the charge sustained. . . . In our view, however, a judgment in a criminal case, without a verdict and finding, is absolutely void.''

Assuming that we are not limited to the bare recitals in the judgment, but that we may examine the entire record of the justice's court wherein petitioner was tried upon a criminal charge, we are unable to find any determination by the court of the issue tendered by the plea of not guilty. It does appear from the entry in the justice's docket that counsel for defendant made a motion for a new trial ''on the grounds of all stated in Section 1451 of the Penal Code.'' But a motion for a new trial is predicated upon a verdict of guilty, or necessarily a decision or finding by the court if a trial by jury has been waived. Section 1449 of the Penal Code provides that after a plea or verdict of guilty, the court must appoint a time for rendering judgment. Section 1450 provides that at any time before judgment, defendant may move for a new trial, or an arrest of judgment. ▮ In the absence of a finding by the court on the issue of fact involved, there is nothing upon which a new trial could be predicated, and we cannot infer from the mere fact that such motion was made, and denied, that a decision of the court was rendered, when it does not affirmatively appear in its records.

Nor can we infer from the recitals contained in the commitment that a proper judgment was rendered by the court. Section 1455 of the Penal Code is as follows:

''When a judgment of imprisonment is entered, a certified copy thereof must be delivered to the sheriff, marshal, or other officer, which is a sufficient warrant for its execution.''

But the commitment in this case did not contain a certified copy of the judgment, because no valid judgment was entered. The purported commitment, which is the only authority under which the sheriff holds the petitioner in his custody, contains a purported copy of the judgment, including a determination of the guilt of the defendant, but that statement in the commitment is entirely foreign to any entry appearing in the record of the

justice court, and is not a certified copy of any portion thereof, and does not vest the sheriff with any authority to hold petitioner in his custody.

Petitioner is discharged.

Cary, P. J., and Marks, J., concurred.