## STATE v. JENSEN.

No. 6541.   Decided April 23, 1943.   (136 P. 2d 949.)

*N. J. Bates,* of Richfield, for appellant.

*Grover A. Giles,* Atty. Gen., and *Zar E. Hayes,* Deputy Atty. Gen., for respondent.

LARSON, Justice.

Appellant appeals from a judgment of the District Court of Sevier County committing her to the State Prison for uttering and passing a fictitious county warrant. The principal questions presented are as to whether she was given a preliminary hearing on the charge, or for the offense of which she was convicted. We state the pertinent facts. Appellant was given a preliminary hearing before a justice of the peace on a complaint in two counts, the first alleging that she did forge the name and endorsement of Robert Hansen on the back of a Sevier County warrant, copy of which warrant is set out in full in the complaint. The second count of the complaint charges that Ardella Jensen on or about the 10th day of December, 1940, at Richfield,

County of Sevier, State of Utah, did utter, pass and publish a Sevier County warrant set out in full as follows:

"Office of County Auditor   No. 26046
"Richfield, Utah, December 10, 1940

"To the Treasurer of Sevier County, State of Utah

"Pay To   Robert Hansen   or order   $77.00
"Sevier County   $77 and 00 cts.   Dollars

"Out of   Class "B" Roads   Fund   I hereby certify that this warrant is within the lawful debt limit of Sevier County, and is issued according to law.

"Acc't of.....................

"To draw interest at the rate of 5 per cent per annum from and after presentation for payment to County Treasurer.

By Order of the Board of County Commissioners.

Marion Bird  (Signed)

"Richfield Commercial & Savings Bank 97-43-12

.........................

"Lynn C. Nielson (signed) County Treasurer

County Auditor

"By Mabel Barlow Cash (signed) Deputy

By ...............Deputy"

knowing the same to be fictitious. Defendant demurred generally to the complaint that it did not state a public offense, which demurrer was overruled.

After preliminary hearing on this complaint defendant was bound over to the District Court, to answer to the "offense in the within complaint mentioned." There was filed in the District Court, an information, in two counts: The first count charged that defendant, "did forge a false and fictitious endorsement, to wit, the name of Robert Hansen on the back of a Sevier County warrant." The face of the warrant is set out in full, showing it was drawn in favor of Robert Hansen, and signed by Marion Bird, the county auditor. Then follows the allegation: "Endorsed on the back of the aforesaid check 'Robert Hansen.' The name of said Robert Hansen on the back of said warrant being forged and fictitious and written by the said Ardella Jensen."

The second count of the information accuses the defend-ant "of the crime of uttering a forged instrument," and then alleges that defendant "knowing the same to be false, forged, and counterfeit * * * did utter publish and pass as genuine and true * * * a certain false, forged and counterfeited writing on paper purporting to be a bank check * * * ." The face of the warrant as set forth in the first count is then set out in haec verba, and the allegation then goes on "endorsed on the back thereof with the false and fictitious signature of Robert Hansen, the said Robert Hansen being a false and fictitious person and no such a person by that name being in existence."

Defendant moved to quash the information, and each count thereof on the grounds that it did not conform to the requirements of Section 105—21—5, R. S. U. 1933, and also on the grounds that she had been given no preliminary examination on the charges therein. The motion was denied. Upon trial, defendant was found guilty upon the second count, but not upon the first count. She was sentenced to the state prison under Section 103—24—7, being the section dealing not with forged, but with uttering fictitious instruments.

Since there were two counts in the information upon which she was tried, and she was convicted only upon the second count, such verdict constitutes, in law, an acquittal upon the first count; *State* v. *Gorham,* 93 Utah 274, 72 P. 2d 656; 16 C. J. 1107; 23 C. J. S., Criminal Law, § 1403; *Jolly* v. *United States,* 170 U. S. 402, 18 S. Ct. 624, 42 L. Ed. 1085; *Bigcraft* v. *People,* 30 Colo. 298, 70 P. 417; *State* v. *Patterson,* 116 Mo. 505, 22 S. W. 696, 698; *Tandy* v. *State,* 94 Wis. 498, 69 N. W. 160; *People* v. *Dowling,* 84 N. Y. 478; and so we need not discuss any of the objections that go only to the first count, that of forging the name of Robert Hansen.

Was defendant given a preliminary hearing for the offense of which she was convicted? If she was not the cause

must be reversed, regardless of the other claimed errors in the trial. That defendant cannot lawfully be tried and convicted on a charge upon which she was not given, or on which she did not waive a preliminary hearing is elemental. Constitution of Utah, Art. 1, § 13; Section 105—1—4, R. S. U. 1933, being Section 105—1—4, U. C. A. 1943; *State* v. *Johnson,* 100 Utah 316, 114 P. 2d. 1034; *State* v. *Leek,* 85 Utah 531, 39 P. 2d 1091; *State* v. *Spencer,* 15 Utah 149, 49 P. 302. That defendant did not waive a preliminary hearing is admitted. She contends that the charge involved in the second count of the information was not within the charge laid in the complaint, and therefore she had no preliminary hearing thereon. Where a preliminary hearing is had, or waived, that action embraces the offenses alleged in the complaint, and also any offense necessarily included therein. It does not cover or include any other offense. *State* v. *Woolman,* 84 Utah 23, 33 P. 2d 640, 93 A. L. R. 723. Defendant contends that the complaint charged "forgery" in the first count, and "uttering a forged instrument" in the second count, both being offenses under section 103-24-1, R. S. U. 1933, also Utah Code Annotated 1943, same section; the penalty therefor being fixed by Section 103-24-4 at imprisonment for 1 to 20 years; whereas according to her contention, the second count of the information charges "uttering a fictitious instrument," an offense under section 103—24—7, R. S. U. 1933, Utah Code Annotated 1943, the penalty for which is fixed by that section at imprisonment of 1 to 10 years. That the offense of uttering a fictitious instrument an offense by section 103—24—7, is a separate and distinct offense from that of uttering a forged instrument, an offense under section 103—24—1 has been definitely settled by this court, as well as by many others. *State* v. *Gorham,* supra; *People* v. *Elliott,* 90 Cal. 586, 27 P. 433; *People* v. *Eppinger,* 105 Cal. 36, 38 P. 538; *People* v. *Chretien,* 137 Cal. 450, 70 P. 305. And that a prosecution for "uttering a fictitious instrument" will not lie under a charge of "forgery" or of "uttering a forged

instrument" was held by us in the Gorham case, supra, when speaking through Mr. Justice Hanson, we said [93 Utah 274, 72 P. 2d 661]:

"In this state, however, we have, besides the general statute defining forgery, sections 103-24-1 and 103-24-4, R. S. Utah 1933, imposing for forgery a penalty of imprisonment in the state prison for a term of not less than one year nor more than twenty years, and another section, 103-24-7, which provides that: 'Every person who makes, passes, utters or publishes, with intention to defraud any other person, * * * any fictitious bill, note or check purporting to be the bill, note, check or other instrument in writing for the payment of money or property of some bank * * * or individual when in fact there is no such bank * * * or individual in existence, knowing the bill * * * to be fictitious, in punishable by imprisonment in the state prison for not less than one nor more than ten years.'

"It will be noticed that the penalty for the crime covered by the section quoted is less than the penalty fixed generally for forgery under section 103-24-4. Our statutes are similar to sections 470, 473, and 476, Penal Code, originally in force in California. * * * In the case of *People* v. *Elliott*, 90 Cal. 586, 27 P. 433, 434. * * * The court said: 'The law appears to recognize a distinction between forged instruments purporting to have the signature of a person in existence, and those where the signature is purely and entirely fictitious. * * * section 470 of the Penal Code is quite broad in its terms, and, in the absence of said section 476, it might probably be construed broad enough to include fictitious instruments as referred to in said section; but, the legislative mind having been directed specially to that class of instruments with reference to the offense of forgery, *it would seem the act of making* or passing a fictitious check could only be prosecuted when brought within the requirements and conditions of that section.' " (Italics added.)

The rule thus announced was followed in *People* v. *Eppinger,* supra. In *People* v. *Terrill,* 133 Cal. 120, 65 P. 303, the above cases were approved, and the court held that the act of passing a fictitious check as prescribed in Section 476 (our section 103—24—7) could be prosecuted only when the allegations of the information showed an offense under that section. We approved that holding in the Gorham case, supra. We there said on page 287 of 93 Utah, on page 662 of 72 P. 2d:

"The Legislature intended that where a fictitious bill, note, check, or other instrument for the payment of money was involved, the prosecution should proceed under section 103-24-7 and not under section 103-24-1, notwithstanding the crime would still be called 'forgery.' In any prosecution for the making and passing of an instrument specified in section 103-24-7, the prosecuting officers, therefore, must initially consider whether the instrument involved will prove to be fictitious or not."

We will first determine upon what offense she was convicted, that is, what is the offense charged in the second count of the information? That the "uttering of a fictitious instrument" is not an included offense in either forgery or uttering a forged instrument is settled by the rules laid down in *State* v. *Woolman,* supra.

This brings us to a question of pleading. There are four ways in which a public offense may be pleaded. Section 105-11-1, Utah Code Annotated 1943, Chapter 118, Laws of Utah 1935, makes the provisions pertaining to informations govern complaints in felony cases. Section 105-21-1, Utah Code Annotated 1943, Chap. 118, Laws of Utah 1935, reads:

"The forms of pleading in criminal actions, and the rules by which the sufficiency of such pleadings is to be determined, are those prescribed by this code."

Section 105-21-8, provides that the offense may be charged (a) by using the name given the offense by the common law or by statute; (b) by stating so much of the definition of the offense, either in the terms of the common law or of statute as is sufficient to give notice of what is intended to be charged; (c) by referring to a section or subsection of the statute creating the offense charged, or of course it may be charged by pleading all the essential facts constituting the offense as set forth in the statute defining the offense. Section 105-21-26 reads:

"The words and phrases used in an information, indictment or bill of particulars are to be construed according to their usual acceptation, except that words and phrases which have been defined by law or

which have acquired a legal signification are to be construed according to their legal signification."

Section 105-21-34 reads:

"No information or indictment shall be invalid or insufficient for the reason that it alleges indirectly and by inference or by way of recital any matters, facts or circumstances connected with or constituting the offense."

Applying these provisions to the pleadings before us, we determine upon what basis, that is, under which theory or provision these pleadings are drawn. By the rules fixed in the code we must determine what, if any, offense is charged. The second count only is involved.

Does the second count in the information charge the offense of "uttering a fictitious instrument" under section 103-24-7, Utah Code Annotated 1943, R. S. U. 1933, or does it charge the offense of "uttering a forged instrument" under the provisions of section 103-24-1? The former section prescribes the things which being present constitute the offense. They are: (a) an instrument in writing for the payment of money or property; (b) the instrument must purport to be the bill, note, check or other instrument of a *bank, corporation, partnership or individual;* (c) such *purported* bank, corporation, partnership or individual must be non-existent; (d) the instrument must be passed, uttered or published, or possessed with the intent to pass, utter or publish; (e) the possessor or passer must know the instrument is fictitious; (f) it must be passed or uttered, or published, or possessed with intent to defraud.

This section, being a special one, carving out of the forgery statute certain specific instrumens is limited in its application to the ones therein specified. *People* v. *Chretien,* supra. The warrant pleaded in this action is not a "bill, check, note or other instrument of a *bank, corporation, partnership* or *individual."* It therefore on its face, is not an instrument that comes within Section 103-24-7. Further, the pleading shows on its face that the

*purported maker* was not non-existent, because it pleads its existence, and shows it did issue the instrument.

The second count of the information does not charge an offense under Section 103-24-7, dealing with fictitious instruments.

Does such count charge the offense of uttering a forged instrument? The elements constituting this offense as set forth in section 103-24-1, Utah Code Annotated 1943, R. S. U. 1933, are: (1) a false, altered, forged or counterfeit instrument of the kind specified in the second (including county warrants); (2) the passing, uttering, or publishing of such instrument; (3) knowledge on the part of the passer that the instrument is forged, altered, false or counterfeit; (4) the instrument must be passed as genuine and true; (5) it must be passed with intent to prejudice or defraud someone.

This count describes or names the act as "the crime of uttering a forged instrument"; it then alleges that defendant, uttered and passed as genuine and true, a false forged and counterfeit check (an instrument within the act) knowing the same to be false and forged, and intended to prejudice and defraud, and sets out the instrument. This embraced all five elements required by the statute, and therefore is a good pleading unless such allegations are negatived by other allegations in the count. Defendant argues that such is the case, because after setting out the warrant the pleader added, "endorsed on the back thereof with the false and fictitious signature of Robert Hansen, the said Robert Hansen being a false and fictitious person, and no such person by that name being in existence." It is argued that the allegation of a non-existent person makes the instrument a fictitious one under the rules as noted above, and therefore under the Gorham case must be prosecuted under Section 103-24-7 instead of under the forgery section.

This argument is not tenable. The instrument pleaded is one that could not come under the section on fictitious

instruments. Furthermore, the section on uttering fictitious instruments goes to the instrument itself, and not to endorsements thereon. If the instrument was made by the purported maker, intending it at the time of making to be payable to the payee named therein, the instrument is genuine and not fictitious, even through it later develops that there is in fact no such person as the payee. *United States Cold Storage Co.* v. *Central Mfg. Dist. Bank,* 343 Ill. 503, 175 N. E. 825, 74 A. L. R. 811; *Goodyear Tire Co.* v. *Wells Fargo Bank & U. T. Co.,* 1 Cal. App. 2d 694, 37 P. 2d 483; *First National Bank* v. *Produce Exchange Bank,* 338 Mo. 91, 89 S. W. 2d 33. The section goes to the instrument itself as it existed and was intended at the time of its making. If at the time it was made it was not intended by the maker to be false, unreal, and fictitious, no subsequent endorsements thereon can make the instrument a fictitious one; *Soekland* v. *Storch,* 123 Ark. 253, 185 S. W. 262, Ann. Cas. 1918A, 668; *Norton* v. *City Bank & Trust Co.,* 294 F. 839; *Los Angeles Investment Co.* v. *Home Savings Bank,* 180 Cal. 601, 182 P. 293, 5 A. L. R. 1193; and a fortiori, if the maker did not intend the instrument to be false, unreal or fictitious, no subsequent holder or passer can make it such.

The allegation with respect to Robert Hansen must therefore be construed as an effort to allege that Robert Hansen, the payee did not write the endorsement on the instrument, or authorize it to be written, and therefore, such endorsement was forged, or else must be disregarded as meaningless and surplusage. It is well settled that writing the names of non-existent persons on the back of an instrument does not affect the nature or genuineness of the instrument itself. Such acts have been held to constitute forgery in some cases.

We hold, therefore, that the second count of the information states a public offense under Section 103-24-1, for uttering a forged instrument, and brings up the question: Was de-

fendant given a preliminary hearing on a charge of "uttering a forged instrument?"

This directs our attention to the second count of the complaint. No attempt is made in the second count of the complaint to comply with subdivision (a) above; no attempt is made to name the offense. Likewise, no section or subsection of the statute is referred to as provided by subdivision (c). Does it meet the requirements of subdivision (b). It certainly does not state enough of the definition of an offense of "uttering a forged instrument" as defined either at the common law or by statute to give notice that such is the offense intended to be charged. The definition of that offense by statute is to utter and pass, or attempt to utter and pass, as genuine and true, a false, forged altered or counterfeit instrument, knowing the same to be false and forged, with the intent to prejudice and defraud as stated in Section 103-24-1, U. C. A. Of those, the complaint only contains the words "utter, pass and publish," and negatives the idea that it was a forged instrument by saying she knew it to be fictitious. If then, the second count of the complaint states a public offense of uttering a forged instrument, it must be under the general provision of pleading the facts.

The second count of the complaint does not charge that the instrument was a forged, altered, false or counterfeited instrument, nor does it charge that defendant knew it was forged, false or altered, nor does it charge that it was passed as genuine and true, or with an intent to defraud. On the other hand it is alleged that it was a Sevier County Warrant, issued on the 10th day of December, 1940, and was signed by Marion Bird, the County Auditor. As far as there is any allegation about the matter it is only that she knew the instrument was fictitious, which under the statute and the Gorham case, takes it out of the prosecution under the forgery statute, Section 103-24-1. Section 105-21-47, Utah Code Annotated 1943, sets forth forms that may be

used in pleading offenses. It sets forth the form for uttering a forged instrument thus:

"A B uttered *as genuine* a *forged* instrument purporting to be a promissory note (or describe the note or give its tenor or substance)."

We think no one would contend less than that would be sufficient, yet it requires the use of the italicized words. This count in the complaint, therefore, does not charge the uttering of a forged instrument. We may add that the trial apparently proceeded on the theory that the defendant was being tried on a charge of "uttering a fictitious instrument" rather than that of "uttering a forged instrument." The state introduced a great deal of evidence on that theory, and tending to show a number of fictitious claims had been presented to the county in various names; the cause was apparently submitted to the jury on that theory, and the court definitely pronounced its judgment upon that basis.

Since defendant was convicted of uttering a forged instrument, and there was no such charge in the complaint, it follows defendant was not given a preliminary hearing for the offense of which she was convicted.

The cause is reversed and remanded to the District Court for further proceedings consistent herewith.

McDONOUGH, MOFFAT AND WADE, JJ., concur.

WOLFE, Chief Justice (dissenting).

I agree with the holding that the second count of the information was framed under Section 103-24-1 and charged defendant with uttering a forged instrument. It is obvious from both the complaint and the information that the maker of this instrument and the drawee named therein were not fictitious. It is also apparent that the warrant contained the name of a fictitious payee and had endorsed on the back thereof a false and fictitious endorsement. I therefore agree that this charge could not have been laid under Section 103-24-7 which deals with fictitious instruments for that section does not purport to permit a charge to be based

entirely on the fact that the instrument is payable to a fictitious payee or contains a false or fictitious endorsement. However, I cannot agree with the holding that the defendant did not have a preliminary hearing on the charge of uttering a counterfeited instrument upon the back of which was a false and fictitious endorsement.

The defendant was convicted under the second count of the information which is the count charging her with uttering this forged instrument. We need only determine whether or not she had a preliminary hearing on this count. This in turn depends upon whether or not the complaint, upon which she admittedly had a preliminary hearing encompassed the charge of uttering this forged instrument. If so, the defendant had a preliminary hearing.

The complaint is in two counts, but such is only for convenience. Executing a forged or fictitious endorsement and uttering an instrument knowing the same to contain such endorsement may be alleged in one count or in separate counts. *State* v. *Jones*, 81 Utah 503, 20 P. 2d 614; *State* v. *Green*, 89 Utah 437, 57 P. 2d 750; *State* v. *Gorham*, 93 Utah 274, 72 P. 2d 656. The whole of the complaint must be taken together to see if the crime charged in the information is charged in the complaint. The first count of the complaint charged that the defendant forged a "false and fictitious endorsement to wit: the name of Robert Hansen on the back of a Sevier County Warrant." It then set the warrant out in full. As a second count thereto it charged that the "said Ardella Jensen at the time and place aforesaid did utter, pass, and publish the *aforesaid warrant* knowing the same to be fictitious," etc. (Italics added.) The charge that the defendant did utter, pass, and publish the "aforesaid warrant" must certainly be considered as if it had set out the warrant in full and described it as a warrant containing a fictitious endorsement, as it was set out and described in count one. The defendant must reasonably have been apprised in view of the allegation of a fictitious endorsement set out in the first count, that

by the "aforesaid warrant" was meant the warrant with the fictitious or forged endorsement, and a fictitious signature or endorsement is one form of a forged signature or endorsement under Section 103-24-1. There is, therefore, a sufficient charge that she uttered a forged instrument.

The narrow point upon which this case must turn is whether or not the allegation that she uttered a forged instrument "knowing the same to be fictitious" is the equivalent of an allegation that she uttered a forged instrument "knowing the same to be forged." The main opinion holds that it is not sufficient and it is from this holding that I dissent.

It is true that Section 103-24-1, under which the defendant was convicted, provides that

"Every person who, * * * utters, publishes or passes, * * * any of the above-named false, altered, forged or counterfeited matters, as above specified and described, *knowing the same to be false, altered, forged or counterfeited* * * * is guilty of forgery." (Italics added.)

In the place of the words "knowing the same to be *false, altered, forged* or *counterfeited*" the complaint merely uses the language "knowing the same to be *fictitious.*" The word "fictitious" is defined by Webster's New International Dictionary, 2 Ed., to mean "Feigned; imaginary; pretended; not real; fabulous; counterfeit; not genuine." Thus, while the complaint did not use the exact wording of the statute, it did use a word synonymous with the word "counterfeit" which is used by the statute. If instead of referring to the warrant set out in the first count as the "aforesaid warrant," the second count of the complaint had re-alleged those matters set out in the first count, that is, set out the warrant and described it as a warrant containing a counterfeit or false endorsement, and then charged defendant with uttering or passing said warrant "knowing the same to be counterfeit or false," there can be little doubt but what it would have been sufficient. I think it hyper-technical to

hold that because of the use of the word "fictitious" in the place of the words "false, altered, forged, or counterfeited" the defendant was not charged with an offense under Section 103-24-1.

This could not have misled the defendant or caused her to believe that she was being charged under Section 103-24-7. She knew that Sevier County was in existence and that the complaint did not purport to charge otherwise. It seems only common sense, to me, to conclude that she must have been apprised from the content of the *two* counts of the complaint that she was charged first with forging a false and fictitious endorsement, and secondly, with uttering said instrument knowing that such endorsement was forged or fictitious. It makes no difference whether it was the simulated signature of a real or existing Robert Hansen or of a non-existing or imaginary person with such invented name. It comes under Section 103-24-1 in either event. The test of whether she was reasonably apprised by the complaint of the crime with which she was charged, is not whether by some far fetched arguments a clever attorney could fancy that she might have been misled by the language thereof, but whether, in the light of the un-. controverted fact that she must have known that the Treasurer of Sevier County was an existing entity, she could have been misled. Under this test, only one conclusion can be reached, that is that she knew that the second count of the complaint charged her with uttering the instrument set out in the first count of the complaint, knowing that the endorsement of Robert Hansen contained thereon was false or fictitious. This is the very charge which the second count of the information directed against her. The fact that the court or the district attorney may have thought that the charge was laid under Section 103-24-7 instead of Section 103-24-1 does not alter the fact that defendant had a preliminary hearing as to the offense charged in the second count of the information. The court sentenced the defendant under Section 103-24-7. That was error. But that is curable by a resentence.

The opinion appears to hold that the second count of the complaint did not charge the crime in any of the manners specified by Section 105-21-8, U. C. A. 1943, the provisions of which are made applicable to complaints by Section 105-11-1, U. C. A. 1943. Taking both counts of the complaint together it met the requirements set out in the prevailing opinion and those of Section 105-11-1. It charged that she uttered a warrant (setting it out) which contained on the back an endorsement known by her to be fictitious (forged or counterfeited). That is defined as forgery by Section 103-24-1.

The conviction shrould be affirmed but the case remanded for resentencing under Section 103-24-1.