[No. 15334. Department Two.—December 4, 1894.]

## JOHN MALONE, APPELLANT, *v.* JOHN G. BOSCH ET AL., RESPONDENTS.

FORECLOSURE OF MORTGAGE UPON HOMESTEAD — DEFAULT OF WIFE — IRREGULARITY—NEW TRIAL.—It is irregular to enter a judgment foreclosing a mortgage upon a homestead in an action against the husband and wife, where the wife has made default, without first entering the default of the wife, but the judgment is not therefore void, and the irregularity in rendering it does not concern the husband, and is not ground for granting him a new trial.

ID.—FINDINGS—IMMATERIAL DEFENSE.—Where findings are not waived the court must find upon every issue, a decision of which is necessary to support the judgment; but, where the court finds that all the averments of the complaint are true, the omission to find an additional fact pleaded in the answer which would have constituted no defense if it had been found as averred is not ground for a new trial.

ID. — ACKNOWLEDGMENT OF HOMESTEAD — POWER OF COURT COMMISSIONERS.—A declaration of homestead may be acknowledged before a court commissioner.

ID.—STATUTORY CONSTRUCTION—REPEAL BY IMPLICATION.—The statute of 1880, amending section 259 of the Code of Civil Procedure so as to grant court commissioners power to take acknowledgments and proof of deeds, mortgages, and other instruments, was not repealed by the amendment three days afterwards of section 1181 of the Civil Code, omitting court commissioners from the list of officers authorized to take acknowledgments, there being no inconsistency between the two sections; and the implication arising from the omission of court commissioners from section 1181 of the Civil Code is not so strong as to effect the repeal of the special provision concerning the power of court commissioners in section 259 of the Code of Civil Procedure.

ID.—REPEAL BY IMPLICATION NOT FAVORED.—A repeal by implication is not favored, and the conflict must be irreconcilable, or the intent to repeal very manifest, or both statutes will stand.

ID.—CONFLICTING PROVISIONS UNDER DIFFERENT TITLES.—The rule laid down in section 4481 of the Political Code, that, "if the provisions of any title conflict with or contravene the provisions of another title, the provisions of each title must prevail as to all matters and questions arising out of the subject matter of such title," only applies where there is a conflict, and implies that where there is no conflict a provision will be valid, although in the sense of that rule it is not in regard to a question arising out of the subject matter of that title.

APPEAL from an order of the Superior Court of Del Norte County granting a new trial.

The facts are stated in the opinion.

*R. W. Miller*, for Appellant.

*L. F. Cooper*, and *Sawyer & Burnett*, for Respondents.

TEMPLE, C.—This appeal was taken by plaintiff from an order granting the defendants' motion for a new trial.

The action was brought against John G. Bosch and his wife, to foreclose a mortgage upon the homestead of the defendants. The homestead had been duly selected prior to the execution of the mortgage. Both defendants were served with the summons, but the wife did not appear in the action, and her default was not entered. The husband appeared and answered, setting up the homestead character of the premises, and denying the validity of the mortgage. A copy of the mortgage was set out in the complaint, showing that it was acknowledged by both husband and wife on the seventeenth day of August, 1885, before R. G. Knox, a court commissioner of the superior court of Del Norte county. It is contended that court commissioners at that date had no authority to take and certify acknowledgments.

No separate document designated "findings" was signed by the judge, but in the decree which was signed by the judge it is stated that the court finds all the averments of the complaint to be true. Nothing is said about the averment of the homestead in the answer.

The new trial was granted upon two grounds: 1. The default of the wife ought to have been entered before the decree was made; and 2. Findings were not waived, and therefore the judgment was irregular.

1. The trial court was right in holding that it was irregular to enter judgment without first entering the default of the defendant who failed to appear and answer, but the judgment was not therefore void, and the irregularity did not concern John G. Bosch, who was the only party moving for a new trial.

2. Since the bill of exceptions shows affirmatively that findings were not waived, it was undoubtedly necessary

that the court should find upon every issue, a decision of which was necessary before rendition of judgment. But a judgment will not be reversed here for such an omission, if this court can see that the additional fact pleaded in the answer would have constituted no defense if it had been found as averred. The mortgage with the acknowledgment was set out at length in the complaint. Its correctness was admitted. The only new fact averred was that the premises constituted the homestead of the mortgagors at the time of the execution of the mortgage. Had that been found, would it have affected the judgment?

The doubt in regard to the validity of the mortgage arises from these facts: April 1, 1880, the legislature amended the two hundred and fifty-ninth section of the Code of Civil Procedure, in regard to the powers of court commissioners, by providing, among other changes, that every court commissioner shall have power "to take acknowledgments and proof of deeds, mortgages, and other instruments requiring proof or acknowledgment for any purpose under the laws of this state."

Three days afterwards the legislature amended section 1181 of the Civil Code so as to read as follows: "The proof or acknowledgment of an instrument may be made in this state within the city, city and county, county, or district for which the officer was elected or appointed, before either: 1. A clerk of a court of record; or 2. A county recorder; or 3. A notary public; or 4. A justice of the peace." The changes made in the section were these: The words "city and county" were added, and the words "a court commissioner" were omitted. In the original section the court commissioner was the third officer mentioned as one who could take and certify acknowledgments.

The title to the article in which section 1181 is found is, "Proof and acknowledgment of instrument." The heading to the section is, "By whom acknowledgments may be taken in this state."

At the time the acknowledgment was taken this was

the last law upon the subject, and it is contended that the language is: 1. In effect that no others than the officers specified shall take acknowledgments; and 2. That it is inconsistent with the provision in regard to court commissioners, and therefore repealed it.

As to the first, the statute does not say or imply that no others can take and certify acknowledgments. It is true, we would naturally expect to find under such heading a list of all officers who could take and certify acknowledgments. But this implication is not so strong as to effect the repeal of a special statute empowering another officer to do so. Repeal by implication is not favored, and the conflict must be irreconcilable, or the intent to repeal very manifest, or both statutes will stand.

I see no conflict in the statutes. The fact that court commissioners may also take acknowledgments does not interfere with the provisions of the Civil Code.

The rule laid down in section 4481 of the Political Code only obtains where there is a conflict. It implies that where there is no conflict a provision will be valid, although in the sense of that rule it is not in regard to a question arising out of the subject matter of that title.

Since, therefore, it is manifest that in case the additional facts averred in the answer had been found as averred, it would not affect the judgment, I think the new trial ought not to have been granted on that ground.

I think, therefore, that the order should be reversed.

BELCHER, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is reversed.

FITZGERALD, J., MCFARLAND, J., DE HAVEN, J.