[Crim. No. 645. In Bank.—May 2, 1900.]

## Ex parte MICHAEL C. DOLAN, on Habeas Corpus.

MUNICIPAL CORPORATION—FREEHOLDERS' CHARTER—CONSTITUTIONAL LAW —CONCURRENT JURISDICTION OF POLICE COURT AND JUSTICE'S COURT.— A freeholders' charter of a city adopted subject to section 8½ of article XI of the constitution, permitting it to provide "for the constitution, regulation, government, and jurisdiction of police courts," has no constitutional authority to confer exclusive jurisdiction over certain misdemeanors upon a police court; and notwithstanding such provision for exclusive jurisdiction in such a charter, a justice's court, whose jurisdiction includes the corporate limits of the city, has concurrent jurisdiction with the police court over such misdemeanors, by virtue of the general law conferring such jurisdiction upon justices' courts.

ID.—WORD "EXCLUSIVE" NOT PROPERLY IN CHARTER—MERE GRANT OF JURISDICTION NOT EXCLUSIVE—CONCURRENT GRANTS.—The word "exclusive" not being properly in the charter, the charter must be construed as if it were omitted therefrom. A mere grant of

jurisdiction is not impliedly exclusive, and concurrent grants of jurisdiction to distinct courts confer concurrent powers upon each.

ID.—REPEALS BY IMPLICATION NOT FAVORED.—Repeals by implication are not favored; and there is no implied repeal of the general law conferring jurisdiction upon a justice's court established in a city by the grant of jurisdiction over misdemeanors to the police court by the charter of the city.

HABEAS CORPUS to determine the jurisdiction of the Justice's Court of the second township of Santa Barbara County over misdemeanors punishable in the Police Court of Santa Barbara.   W. H. Wheaton, Justice of the Peace.   S. S. Price, Police Judge.

The facts are stated in the opinion of the court.

J. W. Taggart,° and H. C. Booth, City Attorney of Santa Barbara, for Petitioner.°

E. W. Squier, District Attorney of Santa Barbara County, for Sheriff of Santa Barbara County, Respondent.

GAROUTTE, J.—This is an application for a writ of *habeas corpus*, petitioner being confined in the county jail of Santa Barbara county under a commitment for "disturbing the peace," dated April 7, 1900, issued out of the justice's court of the second township of Santa Barbara county.   The boundaries of said township are coterminous with the corporate limits of the city of Santa Barbara.   It is contended upon the part of petitioner that the police court of the city of Santa Barbara has exclusive jurisdiction over the offense of which he has been convicted, and for that reason the judgment rendered in the justice's court is absolutely void.   The question thus presented demands an examination of various constitutional provisions.

A freeholders' charter was adopted by the city of Santa Barbara and took effect by its terms on the first Monday of January, 1900.   By article VI of this charter there was created a judicial department of that city vesting in the police court thereof exclusive jurisdiction of certain offenses, among others, breaches of the peace and all other misdemeanors punishable by fine not exceeding five hundred dollars, or by imprisonment not to exceed six months, or by both such fine and imprisonment.

The offense of which petitioner was convicted is one coming within the aforesaid classification and made triable before the police court of said municipality. It is also a case coming within the jurisdiction of the justice's court under authority found in the general laws of the state.

By virtue of section $8\frac{1}{2}$, article XI, of the constitution, it is competent for a freeholders' charter to provide "for the constitution, regulation, government, and jurisdiction of police courts." And it was under the authority found in this provision of the constitution that the police court of the city of Santa Barbara was created by its charter and jurisdiction given it as heretofore stated. We attach no importance to the adjective "exclusive" preceding the word "jurisdiction" found in the charter provision. The constitutional provision furnishes the measure of the power given to the framers of the charter, and unless authority is granted by that instrument to declare that exclusive jurisdiction in the class of cases here involved may be given to police courts, the word has no place in the charter. We must take the constitutional provision as it stands, and by that provision it is only said the jurisdiction of the police court may be fixed by charter. Under the power given by the constitutional provision, the charter may fix the jurisdiction of the police courts, but no authority is conferred upon the charter by the constitutional provision whereby it may oust any other court of jurisdiction it already had.

It may be stated that in criminal cases the jurisdiction of justices' courts is not fixed by the constitution, but is a matter left solely to the legislature. We then have a direct grant of jurisdiction to justices' courts by the legislature in cases of simple misdemeanor such as that here involved. We also have, by virtue of the constitutional provision heretofore quoted, a direct grant through the medium of the freeholders' charter to police courts of the same character of criminal jurisdiction as that granted by the legislature to justices' courts. In other words, we have the same character of criminal jurisdiction vested in a police court and a justice court, and we see no reason, upon any principle of statutory construction, why the latter grant of jurisdiction to the police court should result in a repeal of the general law vesting the same jurisdiction in the

justice court. Repeals by implication are not favored, and it would only be upon the theory of repeal by implication—and that a strained implication—which would justify us in holding that the provision in the charter of Santa Barbara relating to the jurisdiction of police courts repealed the general law. In the case of *Cortwright v. Bear River etc.*, 30 Cal. 580, this whole question is exhaustively discussed, and Mr. Justice Bronson is quoted with approval wherein he said, in the case of *Deafield v. Illinois*, 2 Hill, 164: "There is nothing in the nature of jurisdiction, as applied to courts, which renders it exclusive. It is not like a grant of property which cannot have several owners at the same time. It is a matter of common experience that two or more courts may have concurrent powers over the same parties and the same subject matter. . . . . There is, I think, no instance in the whole history of the law where the mere grant of jurisdiction to a particular court, without any words of exclusion, has been held to oust any other court of the power which it before possessed. Creating a new forum with concurrent jurisdiction may have the effect of withdrawing from the courts which before existed a portion of the causes which would otherwise have been brought before them; but it cannot affect the power of the old courts to administer justice when it is demanded at their hands."

Petitioner also relies upon section 8, article XI, of the constitution, which provides that freeholders' charters "supersede any existing charter and all amendments thereof, and all laws inconsistent with such charter." As to this provision of the organic law it is sufficient to say that it is plainly manifest from what has gone before that the general law conferring jurisdiction in criminal cases upon justices' courts is not inconsistent with the provisions of the charter of the city of Santa Barbara, in view of the fact of the disposition we have made of the word "exclusive" used therein.

For the foregoing reasons the petitioner is remanded.

Van Dyke, J., Harrison, J., and McFarland, J., concurred.

Temple, J., concurred in the judgment.