[Crim. No. 873.    Department One.—October 8, 1902.]

## THE PEOPLE, Respondent, v. JOHN M. CHRETIEN, Appellant.

CRIMINAL LAW—FORGERY OF FICTITIOUS DEED—CONSTRUCTION OF CODE. —A deed executed by a fictitious name is not included in the fictitious instruments for the payment of money or property enumerated in section 476 of the Penal Code; and there being no other statute making the signing or uttering of a fictitious deed a specific offense, it is included in the crime of forgery of a deed under section 470 of the Penal Code.

ID.—SUFFICIENCY OF INFORMATION.—An information for forgery of such deed under section 470 of the Penal Code is sufficient without alleging that the deed was fictitious.

ID.—IMMATERIAL VARIANCE—DEED SET OUT IN EXTENSO.—Where the pleading unnecessarily set out the deed *in extenso,* including the certificate of the notary and the signature of the defendant as a witness, and charged the forgery of the deed by the defendant, proof of the forgery of the signature of the fictitious maker, without proof of the forgery of the attestation, does not show a material variance by which the defendant could be misled, or again put in jeopardy for forging the same deed.

ID.—CHARGE OF FORGERY OF DEED—ACKNOWLEDGMENT NOT INCLUDED.— A charge of the forgery of the deed does not include a charge of forgery of the notary's certificate of acknowledgment, or of the signature of the notary.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. F. H. Dunne, Judge.

The facts are stated in the opinion.

Barnes & Farquhar, J. D. Sullivan, and Denson & Schlesinger, for Appellant.

Tirey L. Ford, Attorney-General, C. N. Post, Assistant Attorney-General, and Lewis F. Byington, District Attorney, for Respondent.

CHIPMAN, C.—Defendant was convicted of the crime of forgery. He moved for a new trial, his motion was overruled, and he was sentenced to ten years' imprisonment. He appeals

from the judgment and from the order denying his motion for a new trial. The facts, touching the points raised on the appeal, were: That the defendant procured one Robert Colthrop to sign the name "John Sullivan" to a deed to certain real property, in which John Sullivan was named as grantor and J. J. Rauer as grantee. Rauer paid defendant, as attorney in fact of the alleged Sullivan, the consideration for the deed. It is admitted by respondent that the evidence showed "that no such person as the John Sullivan mentioned in said deed as grantor ever existed"; in other words, that he is a fictitious person. The information charges the forgery of "a certain deed and instrument in writing in the words and figures following, to wit." Then follows the deed, *in hæc verba,* including the acknowledgment as executed by a notary public, with his seal attached and with two canceled documentary stamps. There is no allegation in the information that the deed was fictitious or that Sullivan was a fictitious person. The notary testified that he placed the certificate upon the deed, and that his signature as notary was written by him. There was no proof made of any forgery, except that defendant forged, or procured to be forged, the name of John Sullivan to the deed. When Colthrop was called to testify to the facts concerning his having executed the deed, his testimony was objected to by defendant, on the ground that the information charges the forgery of the entire instrument, and the offense could not be proved by proving the forgery of the signature alone; that the information charges the forgery of the notarial certificate, and also the seal attached thereto, which latter, under section 472 of the Penal Code, is a separate offense. When the deed was offered in evidence it was objected to by defendant on the ground that it appeared by the testimony of Colthrop that the name John Sullivan was fictitious, and, therefore, the document is a fictitious instrument, and not the subject of forgery, but that the offense, if committed at all, falls under section 476 of the Penal Code, and not under section 470 of the Penal Code. The objections were overruled, and defendant excepted.

Appellant contends.—1. That the charge is for forgery under section 470, and can only be predicated of a person *in esse;* and 2. That there is a fatal variance between the proofs at the trial and the allegations of the information, in this,

that the information charges the forgery of the entire instrument, and the only proof is that defendant forged the name of John Sullivan. The information was laid under section 470 of the Penal Code, and it is contended by respondent that it was properly so brought.

Forgery is defined as follows: ''Every person who, with intent to defraud another, falsely makes, forges, or counterfeits any . . . deed, . . . or counterfeits or forges the seal or handwriting of another, or utters, publishes, passes, or attempts to pass, as true and genuine, any of the above named false, altered, forged, or counterfeited matters, . . . with intent to prejudice . . . any person; or who, with intent to defraud, alters, corrupts, or falsifies any record of any will, codicil, conveyance, or other instrument, the record of which is by law evidence, . . . is guilty of forgery.'' (Pen. Code, sec. 470.)

Section 476 of the Penal Code defines the making, passing, or uttering fictitious bills, etc., as follows: ''Every person who makes, passes, utters, or publishes, with intention to defraud any other person, or who, with like intention, attempts to pass, or publish . . . any fictitious bill, note, or check purporting to be the bill, note, or check or other instrument in writing for the payment of money or property, of some bank, corporation, copartnership, or individual, when in fact there is no such bank . . . or individual in existence, knowing the bill . . . or instrument in writing to be fictitious, is punishable by imprisonment in the state prison,'' etc.

If section 476 can be said to include a deed, as ''an instrument in writing for the payment of money or property,'' as these terms are used in the section, it would seem to be settled by previous decisions that the information should have been laid under that section, and not under section 470, and the information should have contained appropriate allegations of the fictitious character of the instrument. (*People* v. *Eppinger,* 105 Cal. 36, and the same case, 114 Cal. 350, and cases cited.) But we do not think section 476 will bear the construction given it by appellant. The other ''instrument in writing'' spoken of, ''for the payment of money,'' is some instrument similar in character to a bill, note, or check, drawn or given for the payment of money. It is quite evident that the section is not framed to cover all the instruments or documents that are embraced in section 470, for we there find

receipt for money or property, power of attorney, letter of attorney, certificate of shares in corporations, seal or handwriting of another, return of any officer to any process of any court, and the like. Section 476 punishes the making and uttering of certain specified instruments, with a certain intent, knowing them to be fictitious, but it does not designate the offense as forgery, although the legislature placed it in chapter IV, title XIII, and entitles the chapter "Forgery and Counterfeiting." In *People* v. *Terrill,* 133 Cal. 120, the opinion was expressed that the uttering of a fictitious check or instrument is forgery, and, quoting from an Oregon case, it was said: "The law is well settled that the signing of a fictitious name to an instrument with a fraudulent intent constitutes forgery." (*State* v. *Wheeler,* 20 Or. 192,[1] and cases cited. See on the point 2 Russell on Crimes, 327 and 733.) It was said in *People* v. *Elliott,* 90 Cal. 586: "The law appears to recognize a distinction between forged instruments purporting to have the signature of a person in existence and those where the signature is purely and entirely fictitious. . . . Section 470 of the Penal Code is quite broad in its terms, and, in the absence of said section 476, it might probably be construed broad enough to include fictitious instruments as referred to in said section"; and the opinion proceeds to show that as the legislative mind was directed specially to the class of instruments referred to in section 476, "it would seem the act of making or passing a fictitious check could only be prosecuted when brought within the requirements and conditions of said section." But it is only as to the particular class of instruments therein referred to that this would be true. As there is no statute making the signing or uttering of a fictitious deed a specific offense, as in the case of a check (section 476), we must look to section 470. It was intimated, though not necessarily decided, in *People* v. *Elliott,* 90 Cal. 586, that section 476 is broad enough to include the forgery of a fictitious instrument, and in *People* v. *Terrill,* 133 Cal. 120, the same view is apparently taken, although perhaps not necessarily a question in the case. We now hold that the forgery of any fictitious instrument mentioned in section 470, and not mentioned or included in section 476, falls within the former section. We further hold that the information, brought under

[1] 23 Am. St. Rep. 119.

section 470, is sufficient, without alleging that the deed was fictitious. It is only where the information is laid under section 476 that the fictitious character of the instrument must be alleged. As was held in *People* v. *Eppinger,* 105 Cal. 36, where the instrument is fictitious, and the crime is punishable under section 476, the defendant is entitled to know by the information that it is brought under that section, and not under section 470. And this must be so, for section 470 includes in terms the same instruments (as well as many others not therein contained) found in section 476. But it does not follow, nor do we think it true, where the information is laid under section 470, that the fictitious character of the instrument must be alleged if it be an instrument not included in section 476. It is forgery in either case, whether the instrument is fictitious or not, and it is therefore immaterial whether the signature is that of a person not in existence or of an existing person, provided the instrument is not mentioned in section 476 or some other section specifically dealing with the offense.

The remaining point is, that the information alleged the forgery of the entire instrument, whereas the proof is, that only the signature was forged, and therefore the variance is fatal.

It was not necessary to set out the deed *in extenso.* (*People* v. *O'Brien,* 96 Cal. 171; *People* v. *Terrill,* 132 Cal. 497.) Having, however, pleaded the entire instrument, and with unnecessary particularity, the rule ordinarily requires that the proof should correspond with the allegations. (*People* v. *Phillips,* 70 Cal. 61.) Strictly applied, the rule would require every part of the deed to be proved a forgery, including the notary's certificate, and even the canceled government stamps and the defendant's signature as a witness to the signature of John Sullivan. It was said in *Harris* v. *People,* 64 N. Y. 148, quoted approvingly in *State* v. *Childers,* 32 Or. 119: "The strictness of the ancient rule as to the variance between the proof and the indictment has been much relaxed in modern times. Variances are regarded as material, because they may mislead a prisoner in making his defense, and because they may expose him to the danger of being again put in jeopardy for the same offense." Applying this more modern rule, which we think the better rule, it is clear that the defendant

could not have been misled in making his defense by the variance, which was not in the form of the instrument, in any particular, but consisted in the fact that the deed was acknowledged by a notary and was in some other respects genuine. The evidence was that defendant brought this identical deed and two men with him to the notary, and one of these men defendant introduced as John Sullivan, and defendant presented the deed to the notary as having been previously signed by John Sullivan, and the person introduced by defendant then acknowledged that he executed the deed. Defendant signed also as a witness. It would be idle to claim for a moment that defendant could have been misled by the information. It would be equally idle to assume that by any possibility defendant could be again put in jeopardy for forging this same deed; its identity was so clearly shown by the record and the information that any other prosecution for the same offense would at once become apparent. Where the information purports to set forth an instrument *in extenso,* and in fact omits a part of it, a variance arises, the materiality of which the court must decide. On this question of variance, see Underhill on Criminal Evidence, sec. 31; *People* v. *Arras,* 89 Cal. 226. In *People* v. *Baker,* 100 Cal. 188,[1] the mortgage set out in the information did not include the certificate of acknowledgment as did the mortgage introduced in evidence, and it was held no variance. In *People* v. *Phillips,* 70 Cal. 61, the promissory note was set out in the information "in the words and figures following," followed by a purported copy of the note. There was a word omitted, as appeared when the note was introduced. Held immaterial. We do not think the information can be construed as charging forgery of the notary's certificate. The charge is, that defendant did "make and forge a certain deed," not that he forged the acknowledgment or the signature of the notary. The certificate is but part of the completed deed, entitling it to be recorded, as was also the attaching of the revenue stamps. The grantee would not accept a deed not acknowledged, and for the purpose defendant had in mind the acknowledgment was necessary to its accomplishment, but it was not necessary that this also should be forged. The necessary thing was to get John Sullivan's name to the deed, and when defendant forged his name he did

[1] 38 Am. St. Rep. 276.

"make and forge a certain deed and instrument in writing, in the words and figures following, to wit," as alleged in the information,—i. e. a deed the identity of which is shown by the copy set forth.

The judgment and order should be affirmed.

Haynes, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Garoutte, J., Harrison, J., Van Dyke, J.