[Crim. No. 1815. In Bank.—January 17, 1914.]

## In the Matter of the Petition of M. V. JOHNSON, for Writ of Habeas Corpus of Thomas Cannon.

STATUTES—REPEALS BY IMPLICATION NOT FAVORED.—Repeals of statutes by implication are not favored. A later act, containing no repealing clause, does not repeal a prior act except so far as the two are clearly inconsistent, or unless it is manifest that the latter act was intended as a substitute for the former in all respects and to cover the entire subject matter to which both relate. In other words, the language of repeal, to be effective, must be of unmistakable meaning.

ID.—CRIMINAL LAW—INTERFERENCE WITH ELECTRIC WIRES—SECTIONS 591 AND 593 OF PENAL CODE.—Section 593 of the Penal Code, adopted in 1901, making it a felony maliciously to interfere with the conductors of electricity used for light, heat, or power, was not repealed by the amendment of 1905 to section 591 of such code, making it a misdemeanor maliciously to interfere with telegraph lines, telephones lines, "or any other line used to conduct electricity." The words "or any other line used to conduct electricity" come within the rule of construction known as *ejusdem generis*, and refer to things of the same general nature as those specified.

ID.—INTERPRETION OF STATUTES—EJUSDEM GENERIS.—In such cases the particular words are inserted for the purpose of describing certain species and the general words to include other species of the same genus. The rule is founded upon the reason that if the general words were intended to prevail in their full and unrestricted sense, the special words would not be employed by the lawmakers at all.

APPLICATION for a Writ of Habeas Corpus to be directed against the State Prison Warden at San Quentin.

The facts are stated in the opinion of the court.

Henry B. Lister, for Petitioner.

U. S. Webb, Attorney-General, and Ralph C. Harrison, for Respondent.

THE COURT.—Thomas Cannon was charged with one of the crimes denounced by section 593 of the Penal Code by interfering with and obstructing a wire erected and maintained by proper authority for the purpose of transmitting electricity for light, heat, and power. He was convicted and

sentenced to a term of imprisonment in the penitentiary. This writ was issued upon the petition of M. V. Johnson and the contention that section 593 of the Penal Code was repealed by the amendment to section 591 of the same code passed in 1905. This is the sole question for solution in this proceeding: Did the amendment to section 591 wipe out the other section?

The two sections in their present form are as follows:

"591. Every person who maliciously takes down, removes, injures or obstructs or makes any unauthorized connection with any line of telegraph or telephone, or any other line used to conduct electricity, or any part thereof, or appurtenances or apparatus connected therewith, or severs any wire thereof, is guilty of a misdemeanor."

"593. Every. person who unlawfully and maliciously takes down, removes, injures, interferes with, or obstructs any line erected or maintained by proper authority for the purpose of transmitting electricity for light, heat, or power, or any. part thereof, or any insulator or cross-arm, appurtenance or apparatus connected therewith, or severs or in any way interferes with any wire, cable, or current thereof, is punishable by imprisonment in the state prison not exceeding five years, or by fine not exceeding five hundred dollars, or imprisonment in the county jail not exceeding one year."

Section 591 was passed originally in 1872 and had reference by its terms to injuries done to telegraph wires or appurtenances. There was an attempted amendment at the session of 1901 which was unconstitutional. In 1905 it was changed (Stats. 1905, p. 683) to include by direct designation telephone wires and was then as it is today with the exception of the words "or makes any unauthorized connection with" which were added by the amendment of 1909. (Stats. 1909, p. 272.) This court had occasion to construe the statute in its original form in *Davis* v. *Pacific Telephone & Telegraph Co.*, 127 Cal. 315, [57 Pac. 764, 59 Pac. 698], wherein it was held that by reason of the substantial identity of telephonic and telegraphic modes of communication the statute applied to injuries committed to telephone wires, as well as to wires used in telegraphy. This decision was handed down in 1899 and doubtless caused the amendment attempted in 1901 (Stats. 1901, p. 469) and accomplished in 1905, by which the

section was made to apply in terms to telephone wires as well as to telegraph wires.

Section 593 was adopted in 1901 (Stats. 1901, p. 92) and has been a part of the Penal Code ever since.

The contention of the petitioner is that by the addition to section 591 of the words "or any other line used to conduct electricity" section 593 was repealed. In considering this view we must, of course, have in mind the rule that repeals by implication are not favored. (*Malone* v. *Bosch*, 104 Cal. 683, [38 Pac. 516]; *Banks* v. *Yolo Co.*, 104 Cal. 259, [37 Pac. 900]; *Hilton* v. *Curry*, 124 Cal. 87, [56 Pac. 784]; *Ex parte Dolan*, 128 Cal. 463, [60 Pac. 1094]; *People* v. *Pacific Imp. Co.*, 130 Cal. 446, [62 Pac. 739]; *Santa Cruz Rock Paving Co.* v. *Lyons*, 133 Cal. 116, [65 Pac. 329].)

The rule has been thus stated by this court: "A later act, containing no repealing clause, does not repeal a prior act· except so far as the two are clearly inconsistent, or unless it is manifest that the latter act was intended as a substitute for the former in all respects, and to cover the entire subject matter to which both relate." (*In re Mitchell*, 120 Cal. 387, [52 Pac. 801].) In other words, the language of repeal, to be effective, must be of "unmistakable meaning." (*Rowe* v. *Hibernia Sav. & Loan Soc.*, 134 Cal. 406, [66 Pac. 569].) This rule is applied perhaps most noticeably in proceedings in which the contention is made that the general language of a later statute is potent to repeal the provisions of a law covering a special subject. In delivering the opinion of this court in *Bateman* v. *Colgan*, 111 Cal. 586, [44 Pac. 240]; Mr. Justice Van Fleet used this language: "It is an established rule of construction that the law does not favor a repeal by implication, but that, where there are two provisions relating to the same subject matter, they must, if posssible, be construed so as to maintain the integrity of both. And, where two statutes treat of the same subject, one being special and the other general, unless they are irreconcilably inconsistent, the latter, although latest in date, will not be held to have repealed the former, but the special act will prevail in its application to the subject matter, so far as coming within its particular provisions."

The same doctrine is declared in *Trinity County* v. *Mendocino County*, 151 Cal. 284, [90 Pac. 685]; 36 Cyc. 1088,

note; Endlich on Interpretation of Statutes, secs. 216 and 223; Lewis's Sutherland on Statutory Construction, sec. 247. Indeed the authorities upon this subject are innumerable.

That the crimes defined by section 593 are more serious than those described in the general language of section 591 needs no argument. The electric currents used in telegraphy and telephony are not so strong as to destroy human life or property if diverted from the conducting wires, but the currents employed for light, heat, and power are, when taken from the wires otherwise than through proper machinery, extremely dangerous to life and property. It is shocking to one's sense of proportion to think that a legislature would deliberately classify the malicious obstruction of such a dangerous agent as high power electricity used for moving cars, lighting cities and operating machinery, with the interference which might arise from cutting a telegraph or telephone wire. In the one case a dangerous and little understood essence may be liberated to strike unsuspecting citizens dead or to set fire to property; in the other the injury would amount at most to the stopping of signals or conversation over the wires. It is, therefore, matter of little wonder that when the use of dangerous currents transmitted on wires and used for light, heat, and power became general, the legislature did not expand section 591 of the Penal Code to include within its purview those persons who might maliciously interfere with the conductors of such currents, but enacted a new statute denouncing as a felony any malicious interference with or severance of the wires bearing the deadly element.

It is true that the words "or any other line used to conduct electricity" might be interpreted in certain juxtapositions as referring to electric light and power lines. Used as they are in section 591, following the enumeration of telephone and telegraph lines, they doubtless come within that rule of construction known as *ejusdem generis* and refer to things of the same general nature as those specified. In such cases the particular words are inserted for the purpose of describing certain species and the general words to include other species of the same genus. The rule is founded upon the reason that if the general words were intended to prevail in their full and unrestricted sense the special words would not be employed by the lawmakers at all. (36 Cyc.

1119; Black on Interpretation of Law, sec. 71; Lewis's Sutherland on Statutory Construction, sec. 435; Endlich on Interpretation of Statutes, sec. 405; *People* v. *Chretien,* 137 Cal. 450, [70 Pac. 305] ; *Magruder* v. *State,* 40 Ala. 349.)

Applying these rules to the problem before us we must read section 591 of the Penal Code as if the language carried into that statute by the amendments of 1905 and 1909 were "or any other line *ejusdem generis* used to conduct electricity." It is a matter of common knowledge that wires used to conduct electric currents of high voltage are usually heavier and more carefully insulated than those used for telegraph, telephone, fire alarm, burglar alarm, and others of a like nature. It was doubtless to such wires the general language of section 591 was intended to apply and not to the wires devoted to the purposes so distinctly set forth in section 593.

In *People* v. *Chretien,* 137 Cal. 450, [70 Pac. 305], this court held that a deed was not included in the language of section 476 of the Penal Code with reference to "an instrument in writing for the payment of money or property" because a deed was not of the sort of writings specially enumerated in the part of the section immediately preceding the general designation.

In *Keiser* v. *State,* 78 Ind. 430, it was held that a statute prescribing a penalty for the sale of liquor without a license was not repealed by a later enactment providing a different punishment for any one who should transact any business "without a license therefor when such license is required by any law of the state." Other similar authorities might be cited but these will serve to illustrate the manner in which courts have applied the principle. We find that section 593 of the Penal Code was not repealed by the amendment to section 591.

Let the writ be discharged and the prisoner remanded.

Beatty, C. J., does not participate in the foregoing.