THE PEOPLE, Respondent, v. LEON EDWARDS, Appellant.

CRIMINAL LAW—PIMPING—EVIDENCE—WIFE OF DEFENDANT—ACTS OF MARCH 2 AND FEB. 8, 1911.—The amendment of March 2, 1911 (Stats. 1911, p. 270), to section 1322 of the Penal Code, whereby there was added to such section another exception to the cases therein specified wherein a husband or wife may be a competent witness for or against the other in a criminal action to which either or both are parties, and which amendment contained no repealing clause, did not have the effect of repealing by implication the special provision of the act of the legislature approved February 8, 1911, (Stats. 1911, p. 10), making the wife a competent witness against her husband charged with the crime of pimping, notwithstanding that such code amendment made no reference to the provision of such act.

ID.—STATUTORY CONSTRUCTION—REPEAL OF PRIOR BY LATER ACT—LACK OF REPEALING CLAUSE—RULE.—A later act, containing no

repealing clause, does not repeal a prior act except so far as the two are clearly inconsistent, or unless it is manifest that the later act was intended as a substitute for the former in all respects, and to cover the entire subject-matter to which both relate.

ID.—REPEAL BY IMPLICATION—SPECIAL ACT NOT REPEALED BY GENERAL LAW.—The law does not favor a repeal by implication; and when two statutes treat of the same subject, one being special, and the other general, unless they are irreconcilably inconsistent, the latter, though later in date, will not be held to have repealed the former, but the special act will prevail in its application to the subject-matter, so far as coming within its particular provisions.

APPEAL from a judgment of the Superior Court of San Diego County and from an order denying a new trial. T. L. Lewis, Judge.

The facts are stated in the opinion of the court.

A. L. Dorn, and Dorn & Parker, for Appellant.

U. S. Webb, Attorney-General, and Robert M. Clarke, Deputy Attorney-General, for Respondent.

SHAW, J.—Defendant was convicted of the crime of pimping, as defined by the act of the legislature approved February 8, 1911. (Stats. 1911, p. 10.)

Upon this appeal from the judgment and an order of court denying his motion for a new trial, he assigns as the sole ground for a reversal the fact that the court, over his objection, permitted his wife to testify on behalf of the prosecution. Clearly the ruling of the court was based upon subdivision 2 of the act under which defendant was prosecuted. This provision reads as follows: "Sec. 2. Any such female person referred to in the foregoing section shall be a competent witness in any prosecution under this act to testify for or against the accused as to any transaction or as to any conversation with the accused or by him with another person or persons in her presence, notwithstanding her having married the accused before or after the violation of any of the provisions of this act, whether called as a witness during the existence of the marriage or after its dissolution."

Appellant insists that the above provision was inoperative by reason of an implied repeal thereof. Section 1322 of the

Penal Code, as it existed at the time when the act under which defendant was prosecuted was adopted, declared that, except in certain cases therein specified, neither husband nor wife was competent as a witness for or against the other in a criminal action to which either or both were parties. In effect, the adoption of section 2 of the Pimping Act added another exception to those contained in said section 1322 under which the wife of defendant was competent as a witness. By act of the legislature approved March 2, 1911 (Stats. 1911, p. 270), section 1322 was amended by adding another exception to those specified therein. As thus amended, however, no reference was made to subdivision 2 of the act defining the crime of pimping. Upon these facts, and since the amendment of section 1322 was made subsequently to the adoption of the act under which defendant was prosecuted, he insists that the provision of the Pimping Act permitting defendant's wife to testify was repealed by implication. The rule is that repeals by implication are not favored. (*Malone* v. *Bosch*, 104 Cal. 683, [38 Pac. 516], *Hilton* v. *Curry*, 124 Cal. 87, [56 Pac. 784].) As amended, section 1322 contains no repealing clause. "A later act, containing no repealing clause, does not repeal a prior act except so far as the two are clearly inconsistent, or unless it is manifest that the later act was intended as a substitute for the former in all respects, and to cover the entire subject-matter to which both relate." (*In re Mitchell*, 120 Cal. 384, 387, [52 Pac. 799].) Section 2 of the act under which defendant was prosecuted is special in that the wife is permitted to testify against defendants prosecuted thereunder, and since it applies to such cases only it is not inconsistent with the provisions of section 1322. In the case of *Bateman* v. *Colgan*, 111 Cal. 586, [44 Pac. 238], it is said: "It is an established rule of construction that the law does not favor a repeal by implication, but that, where there are two provisions relating to the same subject-matter, they must, if possible, be construed so as to maintain the integrity of both. And, where two statutes treat of the same subject, one being special and the other general, unless they are irreconcilably inconsistent, the latter, although latest in date, will not be held to have repealed the former, but the special act will prevail in its application to the subject-matter, so far as coming within its particular provisions." (See, also, *Ex*

*parte Johnson,* 167 Cal. 142, [138 Pac. 740].)   So here, the provision embodied in section 2 making the wife a competent witness against a husband charged with pimping, is not inconsistent with section 1322, since the latter act makes no reference to the provision special in its application to prosecutions for the crime of pimping only.   In *Van Denburgh* v. *President, etc., of Greenbush,* 66 N. Y. 3, it is said: "A special statute providing for a particular case, . . . is not repealed by a statute general in its terms and application, unless the intention of the legislature to repeal or alter the special law is manifest, although the terms of the general act would, taken strictly, and, but for the special law, include the case or cases provided by it."   The reason for making the wife a competent witness against the husband in a prosecution of the crime with which defendant was charged is obvious.   Manifestly the legislature did not intend to render the provision inoperative by merely adding another exception to section 1322.   Applying the provisions of the Pimping Act to the subject-matter thereof does not conflict with the provisions of section 1322 of the Penal Code, as amended.

The judgment and order are affirmed.

Conrey, P. J., and James, J., concurred.

---

[Crim. No. 434.   Second Appellate District.—November 4, 1915.]