[Crim. No. 601. Second Appellate District.—March 26, 1918.]

In the Matter of the Application of LORTON L. DOWELL, for a Writ of Habeas Corpus.

CRIMINAL LAW—COMMITMENTS BY TOWNSHIP JUSTICES OF THE PEACE.— A justice of the peace of a township in the county of Los Angeles has no authority to commit an offender to the custody of the chief of police of the city of Los Angeles, since commitments issued by justices of the peace of townships run to the sheriff of the county and not to local police officers.

ID.—MISDEMEANORS COMMITTED IN LOS ANGELES CITY—JURISDICTION— POLICE COURTS.—The police courts of the city of Los Angeles have exclusive jurisdiction of all misdemeanors committed within the limits of the city, under the general statute giving exclusive jurisdiction to police courts in cities of the first and one-half class of all misdemeanors occurring within such cities.

APPLICATION for a Writ of Habeas Corpus originally made to the District Court of Appeal for the Second Appellate District.

The facts are stated in the opinion of the court.

C. B. Ladd, for Petitioner.

Erwin W. Widney, City Prosecutor, and W. K. Crawford, Deputy City Prosecutor, for Respondent.

JAMES, J.—It appears by the return made to the writ that petitioner is held in custody by the chief of police of the city of Los Angeles under a writ of commitment issued by the justice of the peace of Malibu Township. This commitment shows that the petitioner was convicted of the crime of battery and sentenced to serve a term of ninety days in the city prison. Petitioner bases his demand to be released from custody on two contentions, namely: 1. That the justice of the peace of Malibu township has no authority to commit a person to the custody of the chief of police of Los Angeles City; 2. That the justice's court of Malibu Township has no jurisdiction of a misdemeanor committed within the limits of the city of Los Angeles, because exclusive jurisdiction to try all such offenses is conferred by legislative enactment upon the police courts of such city. We are not pointed to the authority of any provision of statute or charter showing any right in a justice of the peace of a township to commit an offender to the custody of the chief of police of Los Angeles City. Commitments issued by justices of the peace of townships run to the sheriff of the county and not to local police officers. While we think that the petitioner is improperly held by respondent because of the lack of authority in the justice to commit to that particular officer's custody, it might be questionable whether the order to be made herein, granting the first contention of petitioner to be well founded, should be that he be discharged absolutely from custody or remanded to the court having jurisdiction of the cause for further proceedings. However, involved in the second contention is the question as to whether the justice's court of Malibu Township had any jurisdiction of the charge upon which petitioner was convicted. By general statute of the legislature (Stats. 1913, p. 469), exclusive jurisdiction is given to police courts in cities of the first and one-half class (Los Angeles) of all misdemeanors occurring within the city. That the legislature has the right to

vest exclusive jurisdiction in police courts of misdemeanors arising within the limits of the city is held in *Union Ice Co. v. Rose,* 11 Cal. App. 357, [104 Pac. 1006], and cases therein cited. *Ex parte Dolan,* 128 Cal. 460, [60 Pac. 1094], cited by respondent, does not deny to the legislature the right we have ascribed to it, but holds only that the city charter may not do the same thing. As the misdemeanor with which petitioner was charged was admittedly committed within the present limits of the city of Los Angeles, we think that the police courts of that city only had jurisdiction of the offense. It follows, therefore, that the commitment issued by the justice of the peace of Malibu Township is without force, and is void.

It is ordered that petitioner be, and he hereby is, discharged from the custody of the chief of police of Los Angeles City.

Conrey, P. J., and Works, J., *pro tem.,* concurred.