[Crim. No. 1768.   Third Dist.—June 14, 1941.]

In re NICK GUZMAN, on Habeas Corpus.

J. LeRoy Johnson for Petitioner.

Earl Warren, Attorney-General, J. Q. Brown, Deputy Attorney-General, R. M. Dunne, District Attorney, and Maxwell M. Willens, Assistant District Attorney, for Respondents.

TUTTLE, J.—Defendant was convicted of the offense known as "contributing to the delinquency of a minor", a misdemeanor defined in section 702 of the Welfare Code, under the chapter heading of "Juvenile Court Law". He was tried in the Superior Court of San Joaquin County, and now seeks release by *habeas corpus,* contending that said court was without jurisdiction. Article VI, section 5 of the Constitution provides:

"The Superior Courts shall have original jurisdiction in all civil cases and proceedings . . . ; in all criminal cases

amounting to felony, and *cases of misdemeanor not otherwise provided for;"*

Article XI, section 8½ provides as follows:

"It shall be competent, in all charters framed under the authority given by section 8 of this article, to provide, in addition to those provisions allowable by this Constitution, and by the laws of the State, as follows:

1. For the constitution, regulation, government and *jurisdiction* of Police Courts, and for the manner in which, the times at which, and the terms for which the judges of such courts shall be elected or appointed, and for the qualifications and compensation of said judges and of their clerks and attachés; . . . " The Charter of the City of Stockton is a Freeholders' Charter.

In 1927 it was amended to read as follows (Stats. 1927, p. 2151):

"Said Police Court shall have *exclusive jurisdiction of all misdemeanors* punishable by fine or by imprisonment or by both such fine and imprisonment committed within the corporate limits of the City."

Petitioner urges that the said charter provision gives the Police Court of Stockton *exclusive* jurisdiction over the crime charged, it being a misdemeanor. The district attorney contends that since the legislature had granted jurisdiction over this offense (popularly known and designated as a "high misdemeanor") to the superior court, the charter provision was ineffectual to confer jurisdiction upon the police court. This latter contention must be upheld. At the time the said charter was granted the Juvenile Court Law provided, and it now provides that "The Superior Court in every county . . . in this State shall exercise the jurisdiction conferred by this Act".—(Sec. 16 of act, Stats. 1915, sec. 571 of Welf. and Inst. Code.) During all of said times the said act provided, in the section which defines the misdemeanor here involved, that "The Juvenile Court shall have original jurisdiction over all misdemeanors defined in this section." (Sec. 702, Welf. and Inst. Code, sec. 21 of Juvenile Court Act, Stats. 1915, p. 1246). The said section of the Juvenile Court Law under which defendant was prosecuted has been in practically the same form since 1909. In 1937 the Juvenile Court Law was codified and reenacted as a part of

the Welfare and Institutions Code. Section 2 of said code provides:

"The provisions of this Code, insofar as they are substantially the same as existing statutory provisions relating to the same subject matter, shall be construed as restatements and continuations thereof, and not as new enactments."

We therefore cannot agree with petitioner when he says that the Welfare Code of 1937 was an original enactment, and that consequently it was competent for the legislature, in granting the charter prior thereto, to vest jurisdiction in the police court over *all misdemeanors*. As we have seen, the law in question was in force and effect when the charter was granted. To accede to the argument of petitioner would require us to hold that the charter repealed, by implication, a portion of the general law relating to juvenile courts. In this connection the case of *Ex parte Dolan*, 128 Cal. 460 [60 Pac. 1094], is a direct negation of the position taken by petitioner. There, the court held that a provision in a freeholders' charter attempting to confer exclusive jurisdiction upon a police court, could not divest a court deriving its jurisdiction from the legislature, of its first jurisdiction. Dolan made an application for a writ of *habeas corpus*, alleging that he was confined in the county jail of Santa Barbara County under a commitment for disturbing the peace issued out of the Justices' Court of the Second Township of Santa Barbara County. The boundaries of said township were coterminous with the corporate limits of the city of Santa Barbara. Dolan contended that the Police Court of the City of Santa Barbara had exclusive jurisdiction over the offense for which he had been convicted, and for that reason the judgment rendered in the justice's court was absolutely void. The city of Santa Barbara was operating under a Freeholders' Charter. By article VI of this charter, there was created a Judicial Department in that city vesting in the police court thereof exclusive jurisdiction of certain offenses, among others, breaches of the peace and all other misdemeanors punishable by fine not exceeding five hundred dollars, or by imprisonment not to exceed six months, or by both such fine and imprisonment. The offense of which petitioner Dolan was convicted was one coming within the aforesaid classification, and made triable before the police court of said municipality. It was also a case coming within the jurisdiction of the jus-

tices' court under authority found in the general laws of the state. In the Dolan case, *supra*, the court discussed section 8½ of article XI of the Constitution as it existed at that time, and insofar as the present case is concerned, the language of section 8½ of article XI of the Constitution is identical. Since the Dolan case, there have been certain amendments to section 8½ of article XI, but said amendments do not affect the present controversy. At the time of the Dolan case, said section provided that it was competent for a Freeholders' Charter to provide for the constitution, regulation, government and jurisdiction of police courts. The present wording of section 8½ on this particular point is the same. The court pointed out in the Dolan case that the Police Court of the City of Santa Barbara was created by its charter, and jurisdiction given to it as heretofore stated, under the authority of said section 8½. The court stated as follows on page 462:

"We attach no importance to the adjective 'exclusive' preceding the word 'jurisdiction' found in the charter provision. The constitutional provision furnishes the measure of the power given to the framers of the charter, and unless authority is granted by that instrument to declare that exclusive jurisdiction in the class of cases here involved may be given to police courts, the word has no place in the charter. We must take the constitutional provision as it stands, and by that provision it is only said the jurisdiction of the police court may be fixed by charter. *Under the power given by the constitutional provision, the charter may fix the jurisdiction of the police courts, but no authority is conferred upon the charter by the constitutional provision whereby it may oust any other court of jurisdiction it already had.*

It may be stated that in criminal cases the jurisdiction of justices' courts is not fixed by the Constitution, but is a matter left solely to the legislature. We then have a direct grant of jurisdiction to justices' courts by the legislature in cases of simple misdemeanor such as that here involved. We also have, by virtue of the constitutional provision heretofore quoted, a direct grant through the medium of the Freeholders' Charter to police courts of the same character of criminal jurisdiction as that granted by the legislature to justices' courts. In other words, we have the

same character of criminal jurisdiction vested in a police court and a justices' court, and we see no reason, upon any principle of statutory construction, why the latter grant of jurisdiction to the police court should result in a repeal of the general law vesting the same jurisdiction in the justice court. Repeals by implication are not favored, and it would only be upon the theory of repeal by implication—and that a strained implication—which would justify us in holding that the provision in the Charter of Santa Barbara relating to the jurisdiction of police courts repealed the general laws. In the case of *Cortwright* [*Courtwright*] v. *Bear River, etc.*, 30 Cal. [573] 580, this whole question is exhaustively discussed, and Mr. Justice Bronson is quoted with approval where he said, in the case of *Deafield* [*Delafield*] v. *Illinois*, 2 Hill, [159], 164: 'There is nothing in the nature of jurisdiction, as applied to courts, which renders it exclusive. It is not like a grant of property which cannot have several owners at the same time. It is a matter of common experience that two or more courts may have concurrent powers over the same parties and the same subject matter. . . . There is, I think, no instance in the whole history of the law where the mere grant of jurisdiction to a particular court, without any words of exclusion, has been held to oust any other court of the power which it before possessed. Creating a new forum with concurrent jurisdiction may have the effect of withdrawing from the courts which before existed a portion of the causes which would otherwise have been brought before them; but it cannot affect the power of the old courts to administer justice when it is demanded at their hands.' "

Here, the legislature, prior to the enactment of the charter, made a direct grant of jurisdiction over this crime to the superior court, and we hold that the enactment of the charter provision relating to the jurisdiction of the police court did not repeal the general law.

We do not deem it necessary to discuss the case of *People* v. *Wong*, 61 Cal. App. 497 [215 Pac. 409], upon which petitioner strongly relies, other than to state that the case has no application here, for the reason that it deals solely with the question whether or not a city charter may provide that its courts have *exclusive* jurisdiction over misdemeanors committed within the limits of the municipality. That is not the question here. We are concerned only with the question

whether or not this charter provision had the effect of repealing an *existing general law* which had already vested jurisdiction of the particular offense in the superior court.

Petitioner relies upon the case of *Robert* v. *Police Court,* 148 Cal. 131 [82 Pac. 838]. We see nothing in that case which alters the rule laid down in *Ex parte Dolan, supra.* In that case it was held that a provision in the Charter of the City and County of San Francisco which purported to grant to the police court *concurrent* jurisdiction with the superior court of all other misdemeanors (that is, high misdemeanors), was invalid, upon the ground that the superior court must possess original jurisdiction in the absence of any transfer to an inferior court, and loses its jurisdiction entirely by such transfer. In other words, the constitutional provision referred to above does not provide for *concurrent* jurisdiction in respect to such misdemeanors. It is true the court, in referring to the legislature said:

"It was optional with them whether they should confer any jurisdiction at all upon the police court as to the trial of high misdemeanors. They concluded, however, to do so, not by investing the police court in terms with exclusive jurisdiction thereof, but concurrently only with the superior court. It was intended, as far as the provision of the charter discloses an intention to leave the matter of jurisdiction as between these two tribunals entirely at large,—not to take it away from the superior court, but to permit it to be exercised by either court. It is clear that this attempt to confer concurrent jurisdiction could not be legally accomplished."

But it must be remembered that in *Ex parte Dolan, supra,* the legislature, by general law had, prior to the granting of the city charter, granted jurisdiction over ordinary misdemeanors, to the justice's court. In the Robert case, *supra,* the jurisdiction to try the high misdemeanor there charged had never been expressly granted to the superior court. The question of an attempt to repeal a general law by implication, through the granting of a municipal charter was therefore not considered. The concurring opinion of Chief Justice Beatty in the Robert case is in line with our holding here:

"I concur in the judgment upon the ground discussed by Justice Lorigan, and upon the further, and to my mind more

important and more satisfactory ground that the jurisdiction of offenses defined by state law must be regulated by general state law, and that such regulations cannot be altered or qualified by any provision of a Freeholders' Charter. The trial and punishment of offenses defined by the laws of the state is not a municipal affair. Jurisdiction of such offenses may be conferred upon police courts by act of the legislature, but cannot be conferred by special Freeholders' Charter, and certainly not in a manner which will impair the operation of general laws.''

We do not find anything in *Matter of Dodge*, 135 Cal. 512 [67 Pac. 973], which is in conflict with the pronouncement in the Dolan case.

We are of the opinion that the charter provision relied upon by petitioner is invalid to the extent that it purports to confer jurisdiction over this offense upon the Police Court of the City of Stockton, and hold that the superior court was the proper forum to hear and determine the cause.

The writ is discharged.

Thompson, J., and Pullen, P. J., concurred.